NATIONAL WILDLIFE FEDERATION

v.

Robert F. BURFORD, et al., Appellants
Mountain States Legal
Foundation, et al.

NATIONAL WILDLIFE FEDERATION

v.

Robert F. BURFORD, et al., Mountain
States Legal Foundation, et al.,
Appellants.

Nos. 86–5239, 86–5240.

United States Court of Appeals,
District of Columbia Circuit.

April 29, 1988.

Roger J. Marzulla, Acting Asst. Atty. Gen., with whom appeared Jacques B. Gelin and Peter R. Steenland, Jr., Attys., U.S. Dept. of Justice, Washington, D.C., were on the petition for rehearing of the federal appellants.

Constance E. Brooks, Washington, D.C., was on the petition for rehearing of Mountain States Legal Foundation.

ON PETITIONS FOR REHEARING

Before MIKVA and WILLIAMS, Circuit Judges, and WEIGEL,* Senior District Judge, United States District Court for the Northern District of California.

ORDER

PER CURIAM.

Upon consideration of the petitions for rehearing of the federal appellants and of Mountain States Legal Foundation it is

ORDERED, by the Court, that the petitions are denied, and it is

* Sitting by designation pursuant to 28 U.S.C.

FURTHER ORDERED, by the Court, *sua sponte*, that the Clerk is directed to issue the mandate in these cases forthwith.

A memorandum of the Court is attached.

MEMORANDUM

PER CURIAM:

On December 4, 1985, the district court issued a preliminary injunction enjoining the Director of the Bureau of Land Management, the Secretary of the Interior, and the Department of the Interior from reclassifying or revoking restrictions on 180 million acres of public lands located in 17 states. The details of that injunction as well as the underlying litigation and the contentions of the parties have been summarized in the earlier opinion of this court upholding the district court injunction. See *National Wildlife Federation v. Burford*, 835 F.2d 305 (D.C.Cir.1987). Appellants filed petitions for rehearing and suggestions for rehearing *en banc*, which are currently pending before this court.

It has been over two years since the preliminary injunction was issued. As we stated in our opinion, "[t]his is a serious case with serious implications." 835 F.2d at 327. We noted then, and continue to believe, that some of the criticisms of the breadth and scope of the preliminary injunction offered in the vigorous dissent are not without force. In addition, we are aware that the district court injunction has placed on "hold" for over two years a complex governmental effort to review and adjust its classifications of vast tracts of land. It is also beyond dispute that countless parties are affected by the uncertainties associated with the unsettled status of these lands. For these reasons, we believe that the disposition of these millions of acres should not continue to rest any longer than necessary on the foundation of a preliminary injunction which was entered on consideration of the brief affidavits and cursory materials presented to the court below.

294(d).

While this case continues to pend in our court, the district court has not gone forward with plenary consideration of the merits. The court hereby denies the petitions for rehearing and issues its mandate forthwith with directions to the parties and the district court to proceed with this litigation with dispatch.

*It is so ordered.*